**FILED**

**JUL 1 9 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vicky Monroe-Ricks, )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 17-1259 (UNA)
 )
 )
United States of America *et al.*, )
 )
        Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of the complaint and application for leave to proceed *in forma pauperis*. Although Vicky Monroe-Ricks suggests that she is an attorney, she is not on the roll of attorneys licensed to practice in this court, has listed herself as the party-plaintiff, and has completed and signed the *in forma pauperis* application. Therefore, the court considers Monroe-Ricks to be the plaintiff in this action appearing *pro se*. For the reasons explained below, the court will grant Monroe-Ricks' *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The instant "Complaint and Request for Injunctive Relief" brought against the United States and the District of Columbia is perplexing. Plaintiff states in the caption that she is acting "[o]n behalf of Plaintiffs'/Vulnerable Adult Confidential," and she refers throughout the complaint to unidentified "plaintiffs." Plaintiff seeks more than $2 million in damages and a restraining order "to stop [defendants'] malicious actions of bullying, assaulting, arresting, surveilling, and all other types of offenses against/vulnerable adult/special needs

1

plaintiff/plaintiffs." Compl. at 5. She asserts, among other things, that "Plaintiffs are entitled to injunctive relief for restraining order, and other relief, because events continue to occur in The District of Columbia, and continue to transpire into other geographical areas within United States of America giving rise to claims made. Defendants continue to use their power and positions to cause harm to vulnerable adult/special needs plaintiff." *Id.* at 4. Plaintiff points to two specific occurrences in March 2017, which are the subject of two separate police complaints purportedly submitted to the District of Columbia where plaintiff is listed as the attorney for the complainant, who is also her son. *See* Compl. Attachments.

As a general rule, a *pro se* litigant cannot represent another individual or a class of individuals in federal court. *See* 28 U.S.C. § 1654; *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (noting that "a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (concluding that the district court properly denied mother's "motion for the admission of her son . . . as her counsel" since the son "is not a member of the bar of any court"); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.* 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003) (examining cases). And plaintiff has stated no basis to appear in a representative capacity under Federal Rule of Civil Procedure 17. To the extent that plaintiff is pressing her own claims, her sweeping allegations of police misconduct do not include facts suggesting that she has suffered an actual injury as a result of defendants' conduct and, at a minimum, a complaint "must contain a 'short and plain statement of the claim showing that *the pleader* is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Fed. R. Civ. P. 8(a)(2) (emphasis added)).

Consequently, the complaint and this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: July 19, 2017